UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:20-CR-557 HEA/NCC |
| VIVIAN CARBONE-HOBBS, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO SEVER DEFENDANT VIVIAN CARBONE-HOBBS**

COMES NOW, defendant, by and through her counsel Joseph M. Hogan, and pursuant to Fed. Rule Crim. P. 12(b)(3)(D) and Fed. Rule Crim. P. 14(a) and the Fifth Amendment and Sixth Amendment to the United States Constitution, moves this honorable Court for an order severing her case for trial from that of her co-defendants. There is a serious risk that a joint trial would compromise Dr. Vivian Carbone-Hobbs' right to a fair trial.  As outlined in the paragraphs below, counsel states he has a good faith belief that defendant's right to a fair trial outweighs the improper joinder of offenses and defendants.

In support of defendant's Motion to Sever, she states as follows:

1

Rule 14 of the Federal Rules of Criminal Procedure addresses the issue of relief from prejudicial joinder and provides:

Rule 14.  Relief from Prejudicial Joinder

>(a) Relief.  If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government the court may order separate trials of the counts, sever the defendant's trials, or provide any other relief that justice requires.

Facts

1. On or about September 17, 2020, an indictment was filed against the defendant. (Doc. 2)

2. The indictment charged ten (10) separate individuals with a Conspiracy under Title 18 U.S.C. § 371, Health Care Fraud under Title18 U.S.C. §§ 1347 and 2, and Theft of Government Services under Title 18 U.S.C. §§641 and 2. (Doc. 2)

3. On or about June 23, 2021, a superseding indictment was filed against the defendant. (Doc. 238)

4. The superseding indictment charged ten (10) separate individuals with a Conspiracy under Title 18 U.S.C. § 371, Health Care Fraud under Title18 U.S.C. §§ 1347 and 2, and Theft of Government Services under Title 18 U.S.C. §§641 and 2. (Doc. 238)

5. The superseding indictment alleges that beginning in 2011 and continuing into 2019, ten separate defendants and unknown co-conspirators committed

separate and distinct violations of law, in the Eastern District of Missouri and elsewhere. (Doc. 238)

6. One of the co-defendants listed in the indictment, Dr. Thomas Hobbs, is the husband of Dr. Vivian Carbone-Hobbs.

7. The superseding indictment states that Dr. Vivian Carbone-Hobbs and her husband Dr. Thomas Hobbs are respectively, vice-president and president of Power-Med a licensed Missouri corporation.

## **Argument**

Dr. Vivian Carbone-Hobbs is entitled to severance of her trial under the Sixth and Fifth Amendment because the jury will be unable to separate and appraise the independent evidence against her. The statements and allegations contained in the forty-two (42) page superseding indictment, make it clear that in order to prosecute all defendants, the government will seek to introduce statements of co-defendants into evidence. Some of the statements would allegedly implicate Dr. Vivian Carbone-Hobbs. The admission of the statements against the defendant while all co-defendants are joined in the indictment would violate her Sixth Amendment right to be

confronted with the witnesses against her as those witnesses have a right not to testify under the Fifth Amendment to the United States Constitution. Bruton v. United States, 391 U.S. 123 (1968) "A defendants constitutional rights are violated when the court admits out of court statements of a co-defendant which "despite redaction, obviously refer directly to someone, often obviously the defendant, and which involve inferences that a jury ordinarily would make immediately even where the confession the very first item introduced at trial."" United States v.Gayekpar, 678 F.3d 629, 636-637 (8th Cir. 2012) quoting Gray v. Maryland, 523 U.S. 185, 196 (1998) It is apparent that a limiting instruction would be insufficient to safeguard the defendant from a violation of her constitutional rights and constitutes severe prejudice.

    These statements elicited by the government, would include those of her husband, Dr. Thomas Hobbs. Defendant Dr. Vivian Carbone-Hobbs further anticipates the government will argue that these statements are admissible against all co-defendants. It is further anticipated that the government will argue that the Court can protect defendant's rights by the use of a limiting jury instruction.

    A limiting instruction of the court would not mitigate the severe prejudice against defendant and instead may actually confuse and compound the issue of

individual guilt by a jury. In <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court reversed Bruton's conviction because introduction of his co-defendant's confessions in a form not subject to cross-examination added substantial weight to the government's case. The Court held that the violation of Bruton's Sixth Amendment right could not be avoided by a jury instruction to disregard the confession as to Bruton. In reversing Bruton's conviction, the Supreme Court relied upon a number of factors and identified certain risks, each of which are present in this case. Specifically, the Court drew upon Justice Frankfurter's dissent in <u>Delli Paoli v. United States</u>, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). Justice Frankfurter's dissent in <u>Delli Paoli</u> recognized the absolute futility of limiting instructions that direct jurors to give full consideration to a co-defendant's confession for purposes of establishing the co-defendant's culpability, but to then wholly ignore the confession when assessing the defendant's culpability.

  A limiting instruction in the present case would also be futile given the fact that government would be introducing statements of co-defendant Dr. Thomas Hobbs to be used against his wife, Dr. Vivian Carbone-Hobbs. These are not statements made by a casual acquaintance. The jury would be unable to separate the statements and evidence of a married couple that worked together at a business they both own. The

6

misogynistic belief that a wife must know what her husband was doing is inescapable. There is a very real danger that "spillover effect" will prejudice Dr. Vivian Carbone-Hobbs and prevent her from receiving a fair trial.

In United States v. Andrade, 788 F.2d 521, 530 (8th Cir. 1986), the 8th Circuit considered the denial of a motion to severe and held "Rule 14 authorizes a trial court to grant a severance and order separate trials if a defendant would be prejudiced by a joint trial.  Appellants argue that they were prejudiced because the joint trial presented complex issues involving numerous defendants playing different roles in the alleged scheme, lasted ten days, and created the possibility for a conviction by spillover effect. In order to prevail on their claim that the district court abused its discretion in denying their motions to severe pursuant to Rule 14, appellants must make a real showing of real prejudice to themselves individually. United States v. Miller, 725 F.2d 462, 467 (8th Cir. 1984). In the context of an allegation that incriminating evidence presented in a trial has "spilled over", we must consider whether the jurors were able to follow the trial court's cautionary instructions and compartmentalize the evidence against each defendant on each count individually." Applying the reasoning of *Andrade* and *Miller*, makes it clear that a limiting jury instruction would do nothing to guarantee the Sixth Amendment trial rights of Dr. Vivian Carbone Hobbs.   Prejudice occurs when a defendant is deprived of an

appropriate chance of acquittal, a chance he would have had in a severed trial. <u>United States v. Koskela</u>, 86 F.3d 122, 126 (8th Cir. 1996).

Defendant's alleged offenses should be severed from other defendants as there is a serious risk that a joint trial would compromise her right to a fair trial in violation of the defendant's Fifth and Sixth Amendment rights under the United States Constitution. Fed. Rule Crim. Pro. 8(b) provides that a defendant may be charged with other defendants if the offenses are "both of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Additionally, "if the joinder of offenses or defendants in an indictment or information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials, or provide any other relief that justice requires." Fed. Rule Crim. Pro. 14(a). Here a court order to sever defendant Vivian Carbone-Hobbs from the indictment would preserve her fundamental right to a fair trial.

No limiting jury instruction could mitigate the severe prejudice involving the denial of the defendant's Sixth and Fifth Amendment rights guaranteed under the Constitution.

WHEREFORE for all the foregoing reasons, the Defendant requests that the Court enter an order severing defendant Dr. Vivian Carbone-Hobbs from other co-defendants as the improper joinder of offenses is unfairly prejudicial and would violate her rights under the Fifth and Sixth Amendment rights under the United States Constitution.

/S/ Joseph M. Hogan

Joseph M. Hogan 47008MO
Attorney for Defendant
7751 Carondelet Ave. #700
Clayton, MO 63105
Office: (314) 863-9898
Fax: (314) 863-5647
Email: jmhogan4090@sbcglobal.net

Certificate of Service

I hereby certify that a copy of the forgoing was electronically served upon the United States Attorney's Office this 7th day of September 2021.

/s/ Joseph M. Hogan

9